IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EZFAUXDECOR, LLC, et al.,            )
                                      )
        Plaintiffs,                   )
                                      )     CIVIL ACTION
        v.                            )
                                      )     Case No.  15-9140
APPLIANCE ART INCORPORATED,           )
et al.,                               )
                                      )
        Defendants/Third-Party Plaintiffs, )
                                      )
        v.                            )
                                      )
DIGITAL CONSULTING KC, LLC, et al.,   )
                                      )
        Third-Party Defendants.       )
_____)

## MEMORANDUM AND ORDER

Plaintiffs Ezfauxdecor, LLC, and Amber Shank filed the instant lawsuit against defendants

Appliance Art Incorporated, Instant One Media, Inc., Alison Smith, and Easy Home Renewals for

claims of false advertising and unfair competition under the Lanham Act, tortious interference with a

contract, commercial disparagement and unfair competition, declaration of trademark rights, and

cancellation of trademark registration.  (Doc. 1.)  All of the claims were related to a dispute involving

plaintiffs' and defendants' products.  In response, defendants filed counterclaims against plaintiffs

(Doc. 40) and a third-party complaint (Doc. 49) against third-party defendants Digital Consulting KC,

LLC, Alexandre J. Abi-Mikhael, Teresa Nobrega, Teresa S. Clough, and Chereese A. Voise for

deceptive trade practices under the Georgia Uniform Deceptive Trade Practices Act ("GUDTPA") and

conspiracy to commit deceptive trade practices under GUDTPA.  Before the court is third-party

defendants'[1] motion to dismiss the third-party complaint pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. 63.)  For the reasons set forth below, the court denies the motion.

## I.    Procedural Background

At the center of this litigation is a dispute over trademark rights.  Plaintiffs claim that since 2003, they have been in the business of marketing and selling self-adhesive films imprinted with patterns of stainless steel, marble, and granite used to cover appliances and countertops for decorative uses.  Plaintiffs allege that defendants began copying and selling their products using deceptive representations.  On June 25, 2015, plaintiffs filed their complaint against defendants for various claims involving the product dispute.  Defendants filed their answer on March 3, 2016, and denied liability on plaintiffs' claims.  (Doc. 40.)  Defendants also asserted counterclaims against plaintiffs for deceptive trade practices under GUDTPA and conspiracy to commit deceptive trade practices under GUDTPA.  On March 3, 2016, defendants also filed a third-party complaint (Doc. 41) against third-party defendants for similar claims under GUDTPA.

On March 9, 2016, plaintiffs and defendants moved to stay all deadlines in the case for 90 days.  (Doc. 42.)  Third-party defendants had not yet been served with the third-party complaint. Magistrate Judge Kenneth Gale granted the motion to stay and ordered that all deadlines would be reset after third-party defendants were served and had the opportunity to respond to the third-party complaint. (Doc. 43.)

Plaintiffs and defendants attempted to mediate the case on June 2, 2016, however no settlement was reached.  (Doc. 47.)  Defendants then voluntarily dismissed the third-party complaint without prejudice and refiled it on June 6, 2016.  (Docs. 48 and 49.)  The refiled third-party complaint is

---

[1] These individuals are referred to collectively as "third-party defendants" throughout the briefing for the motion to dismiss. The court will therefore refer to them as such even if it is an incorrect label.

identical to the original third-party complaint.  Service of the complaint was executed on third-party defendants on June 14, 2016.

## II.     Discussion

Third-party defendants filed their motion to dismiss the third-party complaint on August 1, 2016.  (Doc. 63.)  Third-party defendants state four grounds for dismissal: 1) the third-party complaint was improperly filed under Rule 14 of the Federal Rules of Civil Procedure, 2) the allegations in the third-party complaint are not derivative of or dependent upon plaintiffs' claims against defendants, 3) the third-party complaint fails to state a claim because there is no basis for applying Georgia law, and 4) neither Kansas nor Georgia recognize the cause of action stated in the third-party complaint.  The motion is thus based on both procedural and substantive grounds for dismissal.

### a.    Procedural Bases for Dismissal

Third-party defendants argue the third-party complaint should be dismissed for procedural defects, more specifically that the third-party complaint was not properly brought under Rule 14 of the Federal Rules of Civil Procedure.

Under Fed. R. Civ. P. 14(a)(1), a defendant may implead a third party "who is or may be liable to it for all or part of the claim against it."  This standard contemplates that a third-party claim is derivative of an original claim in the action.  *King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1158 n.1 (10th Cir. 1990); *Admin. Comm. of the Wal–Mart Assocs. Health & Welfare Plan v. Willard*, 216 F.R.D. 511, 513 (D. Kan. 2003).  It is insufficient that the third-party claim is based on the same factual background or otherwise related to the original claim.  *Bethany Med. Ctr. v. Harder*, 641 F. Supp. 214, 217 (D. Kan. 1986) (citing 6 Wright & Miller, Federal Practice & Procedure § 1446, at 257 (1971)).  Rather, as a general rule, the alleged liability of the third-party must depend on the

outcome of the original claim, or the third-party defendant must be secondarily liable to the impleading party. *Willard*, 216 F.R.D. at 513.

The defending party has 14 days after serving its original answer to implead a third-party defendant. Fed. R. Civ. P. 14(a)(1). The defendant must move the court for leave to file a third-party complaint if outside the 14 day deadline. *Id.* The purpose of Rule 14 is to "expedite the final determination of the rights and liabilities of all the interested parties in one suit." Baicker-McKee, et al., Federal Civil Rules Handbook, at 529 (2017 ed.); *see also*, *Nat'l Fire Ins. Co. of Hartford v. Nat'l Cable Television Coop., Inc.*, No. 10-2532-CM, 2011 WL 1430331, at *1 (D. Kan. Apr. 14, 2011) ("Rule 14(a) strives to promote judicial efficiency by reducing multiplicitous litigation."). Courts construe Rule 14(a) liberally, but can exercise their discretion to strike, sever, or separately try third-party claims. *See Nat'l Fire Ins. Co. of Hartford*, 2011 WL 1430331, at *1, Fed. R. Civ. P. 14(a)(4).

Third-party defendants assert that the third-party complaint should be dismissed because defendants did not obtain leave from the court before filing the complaint, as mandated by the rule. Third-party defendants also argue the claims in the third-party complaint are not properly brought under Rule 14 because they are not derivative of the claims asserted by plaintiffs against defendants. Instead, the claims in the third-party complaint relate directly to the counterclaims, not the original claim brought by plaintiffs.

In their response, defendants concede that under Rule 14, third-party claims "must be derivative of, and dependent upon the success of the plaintiff's claim against the defendant." (Doc. 66 at 19.) Defendants, however, argue that third-party defendants' motion to dismiss is based more on form over substance, and the court should instead interpret the third-party complaint as an attempt to join the third-party defendants to the counterclaim under Rule 13 of the Federal Rules of Civil Procedure.

Under Rule 13, a party may join any additional parties to a counterclaim or crossclaim under the compulsory joinder provisions of Rule 19 or the permissive joinder provisions of Rule 20. *See* Fed. R. Civ. P. 13(h). Like the impleader rule, the purpose of permissive joinder under Rule 20 is "generally encouraged in the interest of judicial economy . . . ." Baicker-McKee, et al., Federal Civil Rules Handbook, at 617. Also like Rule 14, courts broadly construe Rule 20(a). *Hall v. Witteman*, No. 07-4128-SAC, 2008 WL 2949567, at *2 (D. Kan. July 30, 2008) (citations omitted).

This court has previously permitted the recharacterization of claims such as these. *See Nat'l Fire Ins. Co. of Hartford*, 2011 WL 1430331, at *3. Although defendants did not utilize the proper procedural vehicle to add third-party defendants to the counterclaim, it is in the interest of justice for the court to interpret the pleadings as an attempt to join third-party defendants to the counterclaim pled in defendants' answer. Third-party defendants, however, may only be joined to the counterclaim so long as defendants' joinder complies with Rules 19 or 20.

> Under the permissive joinder provisions of Rule 20, a party may join a defendant if:
>
> (A) Any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) Any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). In the counterclaim at issue, defendants claim that plaintiffs disparaged the goods, services, and business of defendants with false and misleading representations of fact and that plaintiffs successfully encouraged third-party defendants to do the same, causing reputational injury to defendants' Georgia business and goodwill. Defendants allege that third-party defendants were part of the conspiracy with plaintiffs to commit deceptive trade practices under GUDTPA.

Third-party defendants are charged with extensive involvement in defendants' counterclaims against plaintiffs. Defendants seek injunctive relief for both plaintiffs' and third-party defendants'

actions.  On that basis, third-party defendants are appropriately joined under Rule 20 as defendants'

claims against third-party defendants arise out of the same transaction, occurrence, or series of

transactions or occurrences as defendants' counterclaim against plaintiffs.  Fed. R. Civ. P. 20(a)(2).

There are common questions of fact and law related to whether plaintiffs and third-party defendants

conspired to and/or violated GUDTPA.

Because it is appropriate to recharacterize the third-party complaint as a motion to join, and

because third-party defendants may be properly joined to the counterclaim under Rule 20, the third-

party defendants remain in the case as counterclaim defendants.  Their motion to dismiss on procedural

grounds is therefore denied.

### b.  Substantive Bases for Dismissal

Third-party defendants also claim that the third-party complaint should be dismissed under Fed.

R. Civ. P. 12(b)(6) because defendants bring claims under Georgia substantive law without any

allegations that would justify imposing Georgia law on third-party defendants.  Third-party defendants

allege that neither Kansas nor Georgia recognize a cause of action for common law commercial

disparagement and defendants' claim of conspiracy to commit commercial disparagement fails as a

matter of law.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is proper only when the factual allegations

fail to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007).  Although the factual allegations need not be detailed, the claims must set forth entitlement

to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of

action."  *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan.

2008).  The allegations must contain facts sufficient to state a claim that is plausible—not merely

conceivable.  *Id.*  "All well-pleaded facts, as distinguished from conclusory allegations, must be taken

as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). The court construes any reasonable inferences from these facts in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

### Choice of Law

Third-party defendants argue that Kansas law governs defendants' claims. They argue that the "place of the wrong" is the location in which the last event necessary to impose liability occurred. Defendants agree that Kansas choice of law principles apply, but responds that the place of the wrong is where the loss was sustained—Georgia—not where false statements were made.

The court is sitting in diversity and must apply the law of the forum state. *Blanke v. Alexander*, 152 F.3d 1224, 1228 (10th Cir. 1998). "Kansas applies the substantive law of the state in which the tort occurred, that is, the state where the wrong was felt." *Hermelink v. Dynamex Operations E., Inc.*, 109 F. Supp. 2d 1299, 1303 (D. Kan. 2000) (citing *Ling v. Jan's Liquors*, 703 P.2d 731, 735 (Kan. 1985)). Courts generally determine that where the financial or reputational injury is felt is the location of the plaintiff's residence. *See e.g., Hudson Assocs. Consulting, Inc. v. Weidner*, No. 06-2461-EFM, 2010 WL 1980291, at *6 (D. Kan. May 18, 2010).

Defendants' business is a Georgia corporation. They claim that third-party defendants' false and disparaging misrepresentations damaged the goodwill and reputation of defendants' products and further caused pecuniary damages. Defendants allege that they felt the effects from third-party defendants' statements in Georgia.

But third-party defendants argue that injury is not an element of defendants' claims and actual damages cannot be awarded under GUDTPA. Third-party defendants argue that because injury and damages are irrelevant to defendants' claims, liability was established the minute that third-party

defendants allegedly posted the comments to the Internet.  Third-party defendants argue that Kansas is

where the last event to impose liability occurred because the negative comments were posted there.

Kansas does not recognize the tort of product disparagement.  *Martin Marietta Materials, Inc.*

*v. Kan. Dep't of Transp.*, 953 F. Supp. 2d 1176, 1200 (D. Kan. 2013).  "This tort 'is known variously

as commercial disparagement, trade libel, slander of goods and disparagement of property[]'" and

turns on a critical statement being made about the quality of the plaintiff's goods or services.  *Id.*

(citations omitted).

On the other hand, GUDTPA "prohibits 'deceptive trade practices' defined as causing

confusion or misunderstanding about goods or services, or disparaging the goods, services, or business

of another."  *Carolina Indus. Prod., Inc. v. Learjet, Inc.*, 189 F. Supp. 2d 1147, 1164 (D. Kan. 2001)

(citing Ga. Code Ann. § 10-1-372(a)).  Injunctive relief is the sole remedy for a violation of GUDTPA.

Ga. Code Ann. § 10-1-373(a); *Lauria v. Ford Motor Co.*, 312 S.E.2d 190, 193 (Ga. Ct. App. 1983).

"Proof of monetary damage, loss of profits, or intent to deceive is not required."  Ga. Code Ann. § 10-

1-373(a).  The plaintiff must be "[a] person likely to be damaged by a deceptive trade practice of

another."  *Carolina Indus. Prod.*, 189 F. Supp. 2d at 1164 (quoting *Lauria*, 312 S.E.2d at 193).

Injunctive relief is limited to cases where a plaintiff can demonstrate that it is likely to be injured by a

deceptive trade practice as opposed to a past injury that has been resolved.  *Carolina Indus. Prod.*, 189

F. Supp. 2d at 1165; *Lauria*, 312 S.E.2d at 193.

Both parties cite *Carolina Indus. Prod.*, 189 F. Supp. 2d at 1165, in which Judge John

Lungstrum applied Georgia law to determine if there was a violation of GUDTPA.  Judge Lungstrum

found that Georgia law applied to the common law disparagement claims that alleged financial harm.

*Id.* at 1165–66.

The court disagrees with third-party defendants' argument that where defendants felt injury or suffered damages is irrelevant because it does not have to prove these elements under GUDTPA. The fact that defendants cannot recover financial harm and other actual damages does not equate to them not feeling the reputational injury in Georgia. The court does not disregard defendants' request for injunctive relief to prevent further damage to its goodwill and reputation, which will be felt in Georgia. *See generally*, *Snyder v. Am. Kennel Club*, 661 F. Supp. 2d 1219, 1230 (D. Kan. 2009) ("Because the plaintiffs are Kansas residents, any financial or reputational injury they suffered from the alleged torts would have been felt here, thus these claims are governed by Kansas substantive law."); *Steele v. Ellis*, 961 F. Supp. 1458, 1463 (D. Kan. 1997) (in a misrepresentation or fraudulent omission claim, the law of the state in which the plaintiff felt the "effects" of the fraud controls). The court will therefore apply Georgia law.

### Commercial disparagement under GUDTPA

In Counts I and II, defendants claim three of the third-party defendants—Digital Consulting, Abi-Mikhael, and Nobrega—made false and misleading representations of fact that disparaged defendants' goods, services, and/or business. Defendants allege that third-party defendants' actions constitute deceptive trade practices proscribed by Ga. Code Ann. § 10-1-372(a)(8).

Section 10-1-372(a)(8) provides: "A person engages in a deceptive trade practice when, in the course of his business, vocation, or occupation, he . . . [d]isparages the goods, services, or business of another by false or misleading representation of fact . . . ." Ga. Code Ann. § 10-1-372(a)(8). As noted above, injunctive relief is the sole remedy. Ga. Code Ann. § 10-1-373.

Defendants allege past injury—statements made by Digital Consulting, Abi-Mikhael, and Nobrega done in the course their businesses, vocations, and/or occupations—damaged the goodwill and reputation of defendants and/or their products and services. Defendants also claim that unless

enjoined, Digital Consulting, Abi-Mikhael, and Nobrega will continue to cause, irreparable harm to defendants' business reputation and injury to its goodwill, loss of competitive advantage, and pecuniary damages.  Defendants seek injunctive relief and attorney fees for these violations.

Defendants allege a sufficient injury for which injunctive relief is possible.  The court finds that defendants have stated a plausible claim that Digital Consulting, Abi-Mikhael, and Nobrega violated GUDTPA.

### Conspiracy claim

Under Georgia law, "[a] conspiracy is a combination of two or more persons to accomplish an unlawful end or to accomplish a lawful end by unlawful means.  To recover damages for a civil conspiracy claim, a plaintiff must show that two or more persons, acting in concert, engaged in conduct that constitutes a tort.  Absent the underlying tort, there can be no liability for civil conspiracy."  *Golden Atlanta Site Dev., Inc. v. Nahai*, 683 S.E.2d 166, 171 n.3 (Ga. Ct. App. 2009).

In Count III, defendants claim conspiracy to commit commercial disparagement.  Defendants agree that neither Georgia nor Kansas recognizes a common-law cause of action for commercial disparagement or trade libel.  Instead, they claim that the deceptive trade practices that form the basis of the civil conspiracy involving plaintiffs and third-party defendants are the same false and misleading statements that are the basis of the individual GUDTPA claims against Digital Consulting, Abi-Mikhael, and Nobrega.  With this clarification, defendants' remedies are limited to injunctive relief and attorney fees.  Again, defendants cannot recover actual damages for violations of GUDTPA.  *See Lauria*, 312 S.E.2d at 193; Ga. Code Ann. § 10-1-373.

Defendants claim that plaintiff requested and encouraged third-party defendants to make false and/or misleading representations of fact about defendants' products.  Defendants allege that plaintiffs asked and encouraged third-party defendants to purchase defendants' products with the sole purpose of

leaving false and misleading negative reviews on defendants' Amazon.com seller page.  Defendants also claim that these actions occurred during the course of plaintiffs' business, vocation, and/or occupation.

Defendants allege that plaintiffs and third-party defendants intended to cause harm to defendants' business reputation, injury to its goodwill, and loss of competitive advantage.  Defendants further state that plaintiffs and third-party defendants demonstrated a meeting of the minds and acted in concert to accomplish their intended harm as well as commit one or more unlawful overt acts in furtherance of their conspiracy.  Defendants incorporate their allegations from Counts I and II into their conspiracy claim and therefore, allege that unless enjoined, third-party defendants will continue to cause reputational injury to defendants' businesses and goodwill.  Based on these allegations, the court finds that defendants state a plausible claim for conspiracy to commit GUDTPA violations against third-party defendants.

**IT IS THEREFORE ORDERED** that third-party defendants Digital Consulting, Alexandre J. Abi-Mikhael, Teresa Nobrega, Teresa S. Clough, and Chereese A. Voise' Motion to Dismiss Third-Party Complaint (Doc. 63) is denied.  Third-party defendants are properly joined as counterclaim defendants and will be referred as such going forward.  The case caption shall be modified to reflect this status.

Dated this 17th day of February, 2017, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**