# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EZFAUXDECOR, LLC, *et al.*,     )
                               )
               Plaintiffs,   )
                               )
                               )    Case No. 15-9140-CM-KGG
                               )
v.                            )
                               )
ALISON SMITH, *et al.*,       )
                               )
             Defendants. )
_____ )

## MEMORANDUM & ORDER

Currently pending before the Court is Plaintiff's Motion to Compel (Doc. 126). For the reasons set forth below, Plaintiff's motion is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

The facts of this case were recently summarized in the undersigned Magistrate Judge's Memorandum & Order on the parties' competing motions relating to the ESI protocol. (*See* Doc. 135, at 1-3.) That summary is incorporated herein by reference.

The present motion relates to the responses and objections of Defendants Appliance Art Incorporated and Instant One Media, Inc. ("Defendants") to

Plaintiffs' First Requests for Production (Doc. 126-3) and First Interrogatories

(Doc. 126-4).  Plaintiffs generally contend that Defendants responses were evasive,

incomplete, and/or asserted improper objections.  (*See* Doc. 126.)

## ANALYSIS

**A.    Standards for Discovery.**

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged
> matter that is relevant to any party's claim or defense and
> proportional to the needs of the case, considering the
> importance of the issues at state in the action, the amount in
> controversy, the parties' relative access to relevant
> information, the parties' resources, the importance of the
> discovery in resolving the issues, and whether the burden or
> expense of the proposed discovery outweighs its likely
> benefit.  Information within this scope of discovery need
> not be admissible in evidence to be discoverable.

As such, the requested information must be both nonprivileged and relevant to be

discoverable.

**B.    Plaintiffs' Motion to Compel (Doc. 126).**

**1.    Conditional and "evasive" responses.**

Defendants stated they would produce documents responsive to the majority

of Plaintiffs' Requests "following a reasonable search" or "to the extent they

understand the request" or "to the extent the documents exist" or "to the extent the

documents are in Defendant's possession, custody, or control."  (Doc. 126, at 4;

2

Requests 1-4, 6, 7, 10-13, 15, 16, 18, 22, 25, 29-33.)  Plaintiffs contend these

responses violate Fed.R.Civ.P. 26(g)(1), which requires certification of the

response after a reasonable inquiry and Fed.R.Civ.P. 34(b)(2)(C) (requiring a

statement as to whether any responsive materials are withheld pursuant to an

objection).

This Court has specifically indicated its disapproval of "conditional"

discovery responses.  *See **Kemp v. Hudgins***, No. 12-2739-JAR-KGG, 2015 WL

866905, at *5 (D. Kan. March 2, 2015) (holding that responses conditioned with

"to the extent" are improper).  Defendants are instructed to submit amended

discovery responses removing all conditions such as "to the extent such documents

exist and are in Defendants' possession, custody, or control."  (*See e.g.*, Doc. 126-

3, as to Requests Nos. 1-4, 6-7, 11-12, 16, 18, 22, 25, and 33.)  Either the

documents exist and are in Defendants' possession or they do not/are not.[1]    The

Court also finds the qualifier "to the extent Defendants understand the request" to

be improper and extraneous.  Defendants are instructed to strike this qualifier from

their responses.

Defendants are hereby instructed to conduct a reasonable search in

---

[1] Obviously, a response stating that requested documents do not exist is proper.
But a conditional response producing documents "to the extent they exist" is nonsense.

accordance with Fed.R.Civ.P. 26(g)(1) and respond accordingly. Continued responses that documents "will be produced" (*see e.g.* Doc. 126-3 regarding Request No. 4) are, at this stage, improper; responsive documents are <u>to be produced</u> or arrangements are to be made for them to be inspected forthwith. Defendants are also reminded that their responses are to be in conformity with Fed.R.Civ.P. 34(b)(2)(C) and include a statement as to whether any responsive materials are withheld pursuant to an objection.

## 2. Boilerplate objections.

Defendants frequently object that certain of Plaintiff's discovery requests are vague, ambiguous, overly broad, unduly burdensome, irrelevant, or disproportionate to the needs of the case. Typically, Defendants raise these objections without providing a substantive explanation or reason as to why said requests are objectionable.

Unless a discovery request is facially objectionable, the party resisting discovery has the burden to support its objections. *Sonnino v. University of Kansas Hosp. Authority*, 221 F.R.D. 661, n. 36 (D. Kan. 2004) (citing *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003)); *Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 685 (D. Kan. 1991) (stating that a party resisting a discovery request based on relevancy grounds bears

the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to the discovery of admissible evidence, or burdensome").

> A party opposing a discovery request cannot make conclusory allegations that a request is irrelevant, immaterial, unduly burdensome, or overly broad. Instead, the party resisting discovery must show specifically how each discovery request is irrelevant, immaterial, unduly burdensome or overly broad.

*Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995) (citation omitted). Merely stating that a particular word or phrase is vague or ambiguous does not suffice unless the verbiage is facially objectionable.[2] The same is true for an assertion that a request seeks irrelevant information or is not proportional to the needs of the case – Defendants must explain how or why the requested information is irrelevant or disproportional unless the request is facially inappropriate. Given these general findings, the Court will now address the specific discovery requests at issue.

### 2. Specific Requests for Production.

### a. Requests Nos. 1-4 and 6.

Requests 1-6 sought materials that Plaintiffs contend are relevant to their claims that Defendants used false statements to market their products "saying that

---

[2] This will be discussed more thoroughly, *infra*, as to the specific discovery requests containing the particular words to which Defendants object.

their products were endorsed by or featured on the Rachel Ray Show, HGTV, QVC, the DIY Network, Restaurant Impossible, and the Today Show." (Doc. 126, at 8; *see also* Doc. 126-3, at 2-6.) Defendants' objection that the use of the terms "endorsement" and/or "featuring" is vague and ambiguous as to Requests 1, 3 and 6 is overruled. The terms are not facially vague or ambiguous and Defendants have failed to explain how the terms could be misconstrued. These boilerplate objections are overruled. *See Seed Research Equip. Sol'ns, LLC v. Gary W. Clem, Inc.*, No. 09-1282-EFM-KGG, 2011 WL 855804, at *2 (D. Kan. March 9, 2011) (internal citations omitted).

Plaintiffs also contend that the evasive nature of Defendants' responses to these requests made it impossible for Plaintiffs to determine of Defendants had produced responsive documents. Defendants are instructed to revise their responses to Requests Nos. 1-4 and 6 given the Court's analysis of Defendants' conditional objections, *supra*, as well as removing the boilerplate objections.

### b.    Request No. 5.

This Request sought all communications and documents between Defendants and the National Apartment Association "that concerned its approval for use of Your [sic] peel and stick stainless steel." (Doc. 126-3, at 5.) Defendants object that the request seeks information that is irrelevant or not proportional to the

needs of the case. These objections are conclusory as Defendants have provided

no explanation as to how the Request is irrelevant or disproportionate. Given the

causes of action and allegations raised in Plaintiffs' Amended Complaint (*see* Doc.

96), the Court finds the requested information to fall within the scope of discovery

in this case.

In their responsive brief, Defendants contend that Plaintiffs have been

advised that no responsive documents exist. (Doc. 134, at 14.) As Plaintiffs argue,

however, Defendants have failed to "acknowledge the difference between a

supplemental discovery response and a statement by counsel in a letter or email."

(Doc. 136, at 2.) Defendants are instructed to provide a supplemental response to

this Request that reflects this, while striking their unsupported objections.

### c. Requests 7, 13, and 16.

Requests 7, 13, and 16 sought photographs Defendants provided to Amazon

for use on seller's pages, photos provided to third-party retailers, and photos used

on Defendants' own websites and social media channels from June 25, 2013 to the

present. (Doc. 126-3, at 6, 9-12.) Defendants again include the conditional "to the

extent" language in response to these Requests. Defendants are instructed that

such language must be stricken from their supplemental responses.

The Court also overrules Defendants' conclusory objections that the Request

are irrelevant, disproportionate, vague, and/or ambiguous.  Defendants have not

provided sufficient explanation as to how the Requests are objectionable. These

objections are to be stricken from Defendants' supplemental responses.

       **d.**    **Requests 8-10.**

Requests 8, 9, and 10 sought copies of the Amazon seller's pages used by

Defendants to market their products from June 25, 2013 to the present.  Defendants

object that these Requests are overly broad, unduly burdensome, and

disproportionate to the needs of the case in seeking "all changes" to such pages and

"all communications with Amazon regarding" Defendants' seller's pages.  (Doc.

126-3, at 7-8.)  This Court has already held that the websites and webpages at issue

"go to the very heart of this case."  (Doc. 135, at 7.)  Further, a request for "all

changes," "all communications," "all documents," etc., while broadly worded, is

not facially overbroad if the phrase qualifies a particular category or subject of

information – in this case, Amazon seller's pages.  Thus, the Requests are not

facially overbroad, unduly burdensome, or disproportionate to the needs of the

case.   These objections are overruled.

Plaintiffs argue that Defendants' offer to produce a list of ASINs (Amazon

Standard Identification Numbers) for each seller's page is both "non-responsive

and deliberately evasive."  (Doc. 126, at 10.)  In their responsive brief, Defendants

contend that

> Plaintiffs' use of the term 'Seller's Pages' is inconsistent with the use of that term by Amazon.com. A Seller's Page is not associated with an individual product ASIN; rather, as the name implies, a Seller's Page is associated with a particular Amazon seller. What Plaintiffs appear to be seeking are copies of Amazon listing pages for each ASIN assigned to Defendants' products. Following the March 15 call, URLs of those listing pages were provided to Plaintiffs, allowing them to access each page through a simple click of a mouse.

(Doc. 134, at 16.) The Court agrees with Plaintiffs that this is not what they have requested. Defendants are ordered to produce all responsive Amazon seller's pages as well as the requested associated communications. Defendants are instructed that their supplemental response must be in accordance with the Court's recent ESI Protocol Order. (Doc. 135.)

### e. Requests 11, 12, 15.d, and 18.

These Requests sought Amazon monthly sales reports and reports as to sales through third-party retailers or Defendants' websites. In response to Requests 11 and 12, Defendants stated that

> [f]ollowing a reasonable search, and subject to the entry of an appropriate protective order of confidentiality, Defendants will produce responsive monthly sales reports associated with its Amazon product detail pages listed in response to Request No. 8, above, to the extent such documents exist and are in Defendants' possession, custody, or control.

(Doc. 126-3, at 9.)  Similar responses were given in response to Requests 15.d and 18.  (*Id.*, at 11, 13.)

According to Plaintiffs, discovery responses were due by January 9, 2017, but Defendants withheld their responses subject to the entry of a protective order. Although the protective order was entered in March 2017 (*see* Docs. 104, 105), Plaintiffs contend that no responsive documents were received as of the filing of the present motion.  Defendants argue that it is "impossible" for them

> to generate monthly sales reports via the Amazon website that include only the sales figures for those two products. Thus, the native-format Excel spreadsheets containing monthly sales data for Defendants' peel-and-stick granite and peel-and-stick stainless steel products are the most responsive documents available to provide Plaintiffs with this relevant damages information.

(Doc. 134, at 17.)

The Court instructs Defendants to respond to Requests 11, 12, 15.d, and 18 without the offending "to the extent" qualifications discussed *supra*.  The Court also overrules Defendants' boilerplate objections that Request No. 15 is overly broad, unduly burdensome, and disproportionate to the needs of the case.  *See **Seed Research Equip. Sol'ns***, 2011 WL 855804, at *2 (internal citations omitted). Defendants' responses are to be supplemented accordingly.  Defendants are instructed to verify that their production of this information in Excel spreadsheet

format is consistent with the Court's recent ESI Protocol Order. (Doc. 135.)

### f. Request No. 17.

Request 17 sought the posts concerning the products made by Defendants on the social media sales channels of Defendant Appliance Art Inc. from June 25, 2013 to the present. Defendants object that the information "is at least equally available to Plaintiffs as to Defendants." (Doc. 126-3, at 12.) Plaintiffs argue that this is "untrue because Defendants took down the offending posts." (*Id.*) Plaintiffs clearly would not have access to social media posts that may have been deleted. Defendants objection is overruled and they are instructed to provide a supplemental response to this Request. Defendants' assertion that they have "advised" Plaintiffs that "no responsive documents have been withheld" (Doc. 134, at 18) does not suffice as a supplemental discovery response.

### g. Requests No. 19-21.

Request No. 19 sought the general ledger detail that is the subject of the pending ESI protocol motions. (Doc. 126-3, at 13.) Request No. 20 sought financial statements for the relevant time period (balance sheets, income statements, trial balances, statements of cash flow) while Request No. 21 sought bank statements with images of cancelled checks and deposit records. (*Id.*, at 13-14.) Defendants object that the Requests are overly broad, unduly burdensome,

and seeks duplicative information. (*Id*.) Defendants further argue that the information is irrelevant and disproportional to the needs of the case. (*Id*.)

The Court finds that the information requested is relevant and discoverable. As such, the Court overrules Defendants' conclusory objections that the Request are overly broad, unduly burdensome, duplicative, irrelevant, and disproportionate to the needs of the case.

The Court's most-recent Order relating to the ESI protocol resolves any issues regarding the format of what should be produced, holding that production of the documents in QuickBooks format is improper because it would include the production of a significant amount of information that is thoroughly irrelevant to this case. (*See generally* Doc. 135, at 5.) Defendants are instructed to supplement their responses to these Requests, removing the stated objections, and producing this financial information in native-format Excel spreadsheets or a comparable form of electronic report.

### h.    Request No. 22.

This Request sought Defendants' communications with Amazon.com regarding Plaintiffs or Plaintiffs' product(s). (Doc. 126-3, at 14.) Defendants objected that the information sought is irrelevant and disproportional to the needs of the case. (*Id*.) Defendants also included their conditional response to this

request, stating that "to the extent such documents exist and are in Defendants' possession, custody, or control," the same would be produced "[f]ollowing a reasonable search" and subject to a protective order.

The Court instructs Defendants to respond to Request No. 22 without the offending "to the extent" qualification discussed *supra*. The Court also overrules Defendants' unsupported, boilerplate objections that this Request is irrelevant and disproportionate to the needs of the case. *See Seed Research Equip. Sol'ns*, 2011 WL 855804, at *2 (internal citations omitted). Defendants are instructed to provide a supplemental discovery response, without objection, identifying any responsive documents by Bates number.

## I.     Requests Nos. 23-24.

Requests 23-24 sought copies of the websites and videos used by Defendants to market product at issue. (Doc. 126-3, at 15.) Defendants object that the request seeks information that is irrelevant or disproportionate to the needs of the case. They also object that the Request would require them "to create one or more documents." (*Id*., at 15-16.) The Court overrules Defendants' unsupported, boilerplate objections. *See Seed Research Equip. Sol'ns*, 2011 WL 855804, at *2 (internal citations omitted).

As the undersigned Magistrate Judge stated in the most-recent ESI protocol

Order, "working, functional copies of the websites/webpages at issue go to the very heart of this case. It is appropriate for Plaintiff to be able to review the websites as a consumer would have done so." (Doc. 135, at 7.) Defendants are again instructed to provide Plaintiffs with fully functional copies of the websites or webpages at issue, including any videos that were posted, linked, embedded or loaded therein.

### j.    Request No. 25.

This Request asks for materials relevant to Defendants' claim that the assets of Defendant Appliance Art were transferred to Defendant Instant One Media. Defendants objected that the information sought is irrelevant, disproportional to the needs of the case, overly broad and unduly burdensome. (Doc. 126-3, at 16.) Defendants also included their conditional response to this request, stating that "to the extent such documents exist and are in Defendants' possession, custody, or control," the same would be produced "[f]ollowing a reasonable search" and subject to a protective order. Plaintiffs complain that they "cannot reasonably determine from Defendants' response if Defendants have withheld other documents pursuant to their objection." (Doc. 126, at 16.)

The Court instructs Defendants to strike the offending "to the extent" qualification, discussed *supra*, from their response to this Request. The Court also

overrules Defendants' unsupported, boilerplate objections that this Request is
irrelevant, disproportionate to the needs of the case, overly broad, and unduly
burdensome. *See **Seed Research Equip. Sol'ns***, 2011 WL 855804, at *2 (internal
citations omitted). Defendants are instructed to provide a supplemental response,
without objection, identifying any responsive documents by Bates number.

### k. Request No. 26.

Request 26 seeks information regarding sales of Defendants' products from
June 2013 - December 2015. Defendants object that the request is overly broad,
unduly burdensome, seeks duplicative information, is irrelevant, and/or
disproportional to the needs of the case. (Doc. 126-3, at 16.) In their responsive
brief, Defendants assert that "the customer information Plaintiffs seek has already
been produced in native-format Excel spreadsheets. Thus, a request for each and
every invoice, order record, shipping record, and bill of lading is wildly out of
proportion to the needs of this case . . . ." (Doc. 134, at 22.) Plaintiffs do not
contest this assertion in their reply brief. (*See generally* Doc. 136.) As such, the
Court sustains Defendants' objections to Request No. 26.

### l. Request 28.

Request No. 28 asks for documents showing damages Defendants are
claiming to have sustained relating to their counterclaims. Defendants object on

the basis of the attorney-client privilege and/or work-product doctrine. (Doc. 126-3, at 17.) In the event Defendants have failed to do so, they are instructed to provide a compliant privilege log identifying any and all documents withheld on these bases. Defendants also object that the Request "seeks information that is properly the subject of expert testimony." (*Id*.) This is improper. "The fact that a [party] may later supplement [its discovery] response with an expert report does not permit [it] to initially refuse to respond with whatever discoverable information [it] presently holds." ***Bradley v. Val-Mejias, M.D.***, 2001 WL 1249339 at *2 (D. Kan. Oct. 9, 2001).

In their responsive brief, Defendants contend that their "burden on their Lanham Act counterclaim is to prove *Plaintiff's* sales during the relevant period." (Doc. 134, at 22 (emphasis in original).) Defendants continue that "Plaintiffs have stated that they will supplement their document production to include their sales figures for the relevant time, and those are the documents Defendants will use to prove their damages." (*Id*.) This could – and should – have been stated in Defendants' initial discovery response. Defendants are instructed to provide a supplemental response forthwith.

### m.      Request No. 29.

Finally, Request No. 29 seeks documents containing "any commercial

disparagement by [Plaintiff] Amber Shank" of Defendants' "goods services and business . . . ." (Doc. 126-3, at 17.) Defendants object that the request calls for a legal conclusion, but states that responsive documents will be provided "[f]ollowing a reasonable search . . . ." (*Id.*)

Simply stated, Defendants' response is improper. The fact that a discovery request "calls for a legal conclusion" is not an appropriate basis to refuse to answer.[3] Further, Defendants were under the obligation to produce responsive documents, not inform Plaintiffs that responsive documents would be produced "following a reasonable search."

In their responsive brief, Defendants state that they have "confirmed that no documents are being withheld pursuant to Defendants' objections." (Doc. 134, at 23.) A statement to Plaintiffs or assertion in a brief does not, however, equate to a supplemental discovery response. Defendants are instructed to provide a supplemental response forthwith, without objection.

### 3.     Interrogatories.

---

[3] The Federal Rules specifically state that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ." Fed.R.Civ.P. 33(a)(2). While no such specific language exists in Fed.R.Civ.P. 34 regarding document requests, the Court finds that this rule should apply to document requests as well as interrogatories. *Cf. Akers v. Shaw Environmental, Inc.*, 2011 WL 867524 (W.D. Louisiana, March 14, 2011) (overruling a "calls for legal conclusion" objection as to document requests relating to contention interrogatories).

Plaintiffs' motion also concerns Defendants' objections to Interrogatories Nos. 3-6, which Plaintiffs contend are "without merit." (Doc. 126, at 17.) Each is addressed in turn.

### a.     Interrogatory No. 3.

Interrogatory No. 3 asked Defendants to identify "each segment or episode of the Rachael Ray Show, HGTV, QVC, the Today Show, the DIY Network, and Restaurant Impossible that featured Your peel and stick granite or peel or stick stainless steel." (Doc. 126-4, at 5.) Defendants contend that the Interrogatory is improper because they cannot "identify 'episodes' or 'segments' of television *networks* such as HGTV, QVC, and the DIY Network [because] . . . there is no such thing as an 'episode' or segment' of a network." (Doc. 134, at 23.) The Court is confident, however, that Defendants understood that Plaintiffs sought the identification of any segments or episodes of television programs that appeared on those networks.

Defendants identified two episodes it believed to have aired and then said they would continue to gather information and supplement the response. (Doc. 126-4, at 5-6.) Plaintiffs argue that Defendants' evasive response violates Rule 26(g)(1), requiring a reasonable inquiry before responding.

> Defendants' literally false claims of being endorsed by or
> featured on the Rachael Ray Show, HGTV, QVC, the

Today Show, and Restaurant Impossible were all used in
Defendants' advertising prior to June 25, 2013 when this
case was filed and for a period of time after the
Complaint was filed. It is hard to imagine that
Defendants would not have knowledge by now as to
which programs and segments supposedly featured their
products.

(Doc. 126, at 18.)

Defendants objections are overruled. Defendants are instructed to provide

Plaintiffs with the specific information requested regarding each segment or

episode of the listed television shows that featured the product(s) at issue.

### b.      Interrogatory No. 4.

This Interrogatory asked Defendants to identify the costs and deductions

they claim from gross sales. (Doc. 126-4, at 6.) Defendants object that this answer

could only be made through an expert witness. (*Id.*) Relying on ***Bradley v.***

***Val-Mejias, M.D.***, 2001 WL 1249339, Plaintiffs argue that this is an improper

objection. "It is not sufficient for [the party] to respond by stating that his expert

will provide the requested damages information in accordance with the expert

disclosure deadlines." *Id.*, at *2. As stated in the context of Request for

Production No. 28, *supra*, "[t]he fact that a [party] may later supplement [its]

interrogatory response with an expert report does not permit him to initially refuse

to respond with whatever discoverable information he presently holds." *Id.*

Defendants' objections to Interrogatory No. 4 are overruled. Defendants are instructed to provide any responsive information they currently possess. Their response shall be supplemented to indicate that they have produced certain information in a native-format Excel spreadsheet. (*See* Doc. 134, at 24.) The response to this Interrogatory also may be supplemented in accordance with the Court's deadlines regarding expert discovery as necessary.

### c.      Interrogatories Nos. 5 and 6.

Interrogatories Nos. 5 and 6 ask Defendants to identify each customer who purchased their peel-and-stick granite or stainless steel from June 25, 2013, to the present. Defendants refused to answer, objecting that the information sought was unduly burdensome, overly broad, irrelevant, and not proportional to the needs of the case. (Doc. 126-4, at 6-7.) Plaintiffs argue that this information is relevant and discoverable because they must prove materiality, confusion, and damage. "The pool of persons who were deceived by Defendants' false statements would naturally be their customers who purchased Defendants' products while the false statements were being used." (Doc. 126, at 20.)

Defendants state that "[l]ists containing the requested customer information have been produced in native-format Excel spreadsheets and identified for Plaintiffs, as permitted by Fed. R. Civ. P. 33(d)." (Doc. 134, at 24.) Plaintiffs do

not controvert the validity of this production in their reply brief. (*See generally* Doc. 136.) Defendants are, however, instructed to supplement their response to indicate the responsive information that has been provided.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel (Doc. 126) is **GRANTED in part** and **DENIED in part** as set forth more fully above.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 23rd day of June, 2017.

 S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge
